Bellacosa, J.
(dissenting). Under the facts as portrayed in the majority opinion, I would decide the case differently. The conviction should be upheld because the analysis and applied rule punishes proper police work in the identification and apprehension of a criminal encountered fortuitously by the police on the street.
It appears that an undercover police officer received a radio call from another officer who spotted defendant; the former was thus simply summoned to the street location, one block away, where defendant was being kept under surveillance. Upon arrival, the summoned officer identified the "lost suspect” and defendant was arrested by a backup team of officers.
The majority agree that commendable ordinary-course-of-business identification action by the police on the street was carried out, leading to the arrest of the right person. Yet, the police conduct is characterized as "police-arranged” and "deliberately directed”. I do not believe this conduct qualifies for slotting as "other State-prompted identification procedures, such as street showups made at the behest of the police.” (Majority opn, at 591.) Indeed, the key legal question on which we therefore differ is that I think the lower courts were correct in concluding that preclusion under CPL 710.30 (1) (b) is unwarranted, because this type of street identification by the police "does not come into play” within the intendment of the statute (People v Gissendanner, 48 NY2d 543, 552). In that *594 threshold procedural respect, this case is significantly different from People v Gordon (76 NY2d 595, 599 [decided today]).
Two related precedential lines support affirmance of the determinations below in this case (see, People v Morales, 37 NY2d 262, 272; People v Gissendanner, 48 NY2d 543, supra). As in Morales, the officers here were performing expert and customary undercover drug enforcement duties on the street and, as in the Gissendanner sense, defendant here was already sufficiently known to the identifying officer to exempt the situation from the statutory notice and preclusion sanction. Thus, while I agree completely that this is not a confirmatory identification case within the framework of People v Wharton (74 NY2d 921), I also note that it is not a station house showup under People v Riley and People v Rodriguez (70 NY2d 523) and People v Gordon (76 NY2d 595, supra).
The case for me may be reduced to the simple syllogism of police officers doing precisely what their job demands in the particular situation, with no attendant violation of defendant’s statutory or decisional law rights, and therefore with no justifiable basis for disturbing fair and correct determinations by the lower courts.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander and Hancock, Jr., concur with Judge Titone; Judge Bellacosa dissents and votes to affirm in a separate opinion.
Order reversed, etc.